# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN MOORE, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PRIMECARE MEDICAL, INC.,<br><br>Defendant. | Civil Action No.: 3:19-cv-106<br><br>**JURY TRIAL DEMANDED** |

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Plaintiff Kathleen ("Kathy") Moore, individually and on behalf of all others similarly situated, files this Collective Action Complaint against Defendant PrimeCare Medical, Inc. (hereinafter "PrimeCare"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. and the Pennsylvania Minimum Wage Act, 43 P.S. 333.101, et seq.

The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and all current and former therapists which includes other employees classified as exempt and holding comparable positions with different titles employed by Defendant, excluding physicians, in any facility utilizing PrimeCare's services in the United States and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (hereinafter the "Collective" or "Collective Action Members"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked in excess of 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C.§ 201,

*et seq.*, for the period from three years before the date this Complaint was filed until entry of judgment in this action (the "Collective Action Period").

2. This action also seeks to recover unpaid overtime compensation under the Pennsylvania Minimum Wage Act ("PMWA") 43 P.S. 333.101, *et seq.* for Plaintiff and other current and former therapists who worked more than 40 hours in any workweek at any facility that utilized Defendant's employees for the period from three years before the date this Complaint was filed until the entry of judgment in this matter.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and over Plaintiff's PMWA claim pursuant to 28 U.S.C. § 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

5. Defendant regularly conducts business in this District.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Kathy Moore is an adult individual who resides at 148 Hamilton Street, Indiana, Pennsylvania 15701.

8. Defendant PrimeCare is a Pennsylvania corporation with its principal place of business located at 3940 Locust Lane, Harrisburg, Pennsylvania 17109.

9. Defendant PrimeCare provides healthcare services to inmates in correctional facilities.

10. At all relevant times herein, Plaintiff Kathy Moore was employed by Defendant PrimeCare from approximately November 23, 2013 until December 4, 2017.

11. At all times relevant herein, Defendant has employed Plaintiff and has been an employer within the meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)).

12. At all times relevant herein, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA (29 U.S.C. § 203(r)).

13. At all times relevant herein, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person. Further, Defendant has had (and has) a gross volume of sales and made or done business in an amount of at least $500,000.

14. At all times relevant herein, Plaintiff and all similarly situated employees, were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

**FACTUAL ALLEGATIONS**

15. Defendant PrimeCare employed Plaintiff Kathy Moore and the Collective Action Members as therapists.

16. Defendant operated within correctional facilities throughout Pennsylvania.

17. PrimeCare employees, including Plaintiff Kathy Moore, worked in various correctional facilities. Specifically, Plaintiff Kathy Moore primarily worked in the Cambria County Prison and the Washington County Jail; however, Plaintiff Kathy Moore also worked in the Mercer County Jail, the Lawrence County Jail, the Centre County Correctional Facility, the

Blair County Prison, the Monroe County Correctional Facility, the Pike County Correctional Facility, and the Somerset County Jail depending on the needs of the facilities upon that given day.

18. Defendant maintains control, oversight, and discretion over the operation of its medical services within the correctional facilities, including its employment practices with respect to Plaintiff and the Collective Action Members.

19. Plaintiff and the Collective Action Members were compensated via an hourly rate.

20. Plaintiff Kathy Moore was hired at a rate of $50.00 per hour. Sometime during her employment with PrimeCare, Plaintiff Kathy Moore was given one raise of $0.50 per hour.

21. Consistent with Defendant's policy, pattern and/or practice, Plaintiff and the Collective Action Members regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA and Pennsylvania Law.

22. Specifically, Plaintiff Kathy Moore regularly worked 70 or more hours per week as a therapist but was never paid overtime for hours worked over 40 per week.

23. The number of shifts that Plaintiff and each individual Collective Action Member worked and how many hours worked per shift, per week can be ascertained from Defendant's records.

24. Defendant assigned and is aware of all of the work that the Plaintiff and the Collective Action Members have performed.

25. During the Collective Action Periods, Plaintiff and the Collective Action Members performed the same primary job duties by providing mental health services to inmates, including, but not limited to: (1) conducting mental assessments of inmates; (2) analyzing risk assessments of the inmates, including determining risks of suicide and self-harm; (3) acting as a liaison

between PrimeCare and outside mental health services; (4) facilitating admissions of inmates into hospitals whenever necessary; (5) monitoring all of the mental health services provided to the inmates within the facility; (6) monitoring clinical services to ensure that services to the inmates rise to the standard of care in accordance with psychiatric/psychological standards; (7) developing in-service educational programs; and (8) collecting data and preparing monthly reports.

26. During the Collective Action Periods, the primary job duties of Plaintiff and the Collective Action Members did not include hiring, firing, disciplining, or directing the work of other employees or exercising meaningful independent judgment or discretion.

27. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant classified Plaintiff and the Collective Action Members as exempt from coverage of the overtime provisions of the FLSA.

28. Upon information and belief, Defendant did not perform a person-by-person analysis of the job duties of Plaintiff and the Collective Action Members when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA.

29. Defendant was willful and in reckless disregard of its obligations under the FLSA when it scheduled Plaintiff and the Collective Action Members over 40 hours a week without providing overtime compensation.

30. Defendant's unlawful conduct, as described above, was willful or in reckless disregard of the applicable wage and hour laws pursuant to Defendant's centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA and Pennsylvania law.

31. As part of its regular business practice, Defendant has intentionally, willfully and repeatedly engaged in a policy, pattern and practice of violating the FLSA and Pennsylvania law

with respect to Plaintiff and the Collective Action Members. This policy, pattern and practice includes, but it is not limited to, Defendant's knowledge of its obligations under the FLSA and Pennsylvania law, and the kind of work that Plaintiff and the Collective Action Members were and have been actually performing. As a result, Defendant has:

   a. willfully misclassified Plaintiff and the Collective Action Members as exempt from the overtime requirements of the FLSA and Pennsylvania law; and,

   b. willfully failed to pay Plaintiff and the Collective Action Members overtime wages for hours they worked in excess of 40 hours per week.

30. Defendant's willful violations of the FLSA and Pennsylvania law are further demonstrated by the fact that throughout the Collective Action Period, and continuing to the present, Defendant failed to maintain accurate and sufficient time records for Plaintiff and the Collective Action Members. Defendant acted recklessly or in willful disregard of the FLSA and Pennsylvania law by instituting a policy and/or practice that did not allow Plaintiff or the Collective Action Members to record all hours worked.

31. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime pay requirements set forth under 29 U.S.C. § 2017(a)(1) of the FLSA. None of the aforementioned FLSA exemptions apply to Plaintiff and the Collective Action Members.

32. Due to the foregoing, Defendant's failure to pay overtime wages for work performed by Plaintiff and the Collective Action Members in excess of 40 hours per workweek was willful and has been widespread, repeated, and consistent.

**FLSA AND PMWA COLLECTIVE ACTION ALLEGATIONS**

33. Pursuant to 29 U.S.C. §§ 207 and 216(b) and 43 P.S. 333.101, *et seq.*, Plaintiff seeks to prosecute her FLSA claims as a Collective Action on behalf of all persons who are or

were formerly employed by Defendant as therapists during the Collective Action Period and to prosecute her PMWA claims as a Collective Action on behalf of all persons who are or were formerly employed by Defendant in Pennsylvania as therapists during the Collective Action Period.

34. Defendant is liable under the FLSA and PMWA for, *inter alia*, failing to pay premium overtime wages to Plaintiff and other similarly situated employees.

35. Upon information and belief, there are at least dozens of similarly situated current and former therapists who have not been paid premium overtime wages in violation of the FLSA and/or PMWA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

36. The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

### FIRST CAUSE OF ACTION:
### (FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES)
### (Brought on Behalf of Plaintiff and All Collective Action Members)

37. Plaintiff, on behalf of herself and all Collective Action Members, reallege and incorporate by reference the previous paragraphs as if they were set forth again herein.

38. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all relevant times, Defendant employed Plaintiff, and employed or continues to employ, each of the Collective Action Members within the meaning of the FLSA.

40. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

41. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

42. The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Defendant.

43. At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay premium overtime compensation to its therapists and similarly situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

44. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

45. As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and the Collective Action Members, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

46. As a result of Defendant's policy and practice of minimizing labor costs by underfunding labor budgets for their health services, Defendant knew or recklessly disregarded

the fact that Plaintiff and the Collective Action Members were primarily performing non-exempt tasks.

47. Due to Defendant's (a) failure to provide enough labor budget funds, (b) failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Collective Action Members, (c) actual knowledge that the primary duties of Plaintiff and the Collective Action Members were manual labor and other non-exempt tasks, (d) failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing primarily exempt job duties, and (e) policy and practice that did not allow Plaintiffs and Collective Action Members to record all hours worked, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

48. As a result of Defendant's FLSA violations, Plaintiff, on behalf of herself and the Collective Action Members, is entitled to (a) recover from Defendant unpaid wages for all of the hours worked, as premium overtime compensation, (b) recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA, and, (c) recover unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

49. Defendant's violations of the FLSA have been willful, thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### SECOND CAUSE OF ACTION:
### (PENNSYLVANIA MINIMUM WAGE ACT: UNPAID OVERTIME WAGES)
### (Brought on Behalf of Plaintiff and All Members of the PMWA Class)

50. Plaintiff, on behalf of herself and all Collective Action Members, realleges and incorporates by reference the preceding paragraphs.

51. At all relevant times, Plaintiff and Collective Action Members were employed by Defendant within the meaning of the PMWA, and Defendant was an employer within the meaning of PMWA.

52. The overtime wage provisions of the PMWA and its supporting regulations apply to Defendant.

53. Defendant willfully violated Plaintiff's rights and the rights of the Collective Action Members by failing to pay the overtime rate legally required of not less than one and one-half times their regular rate of regular pay for all hours worked by them in excess of 40 in a workweek in violation of the PMWA and its regulations.

54. As a result of Defendant's willful violations of the PMWA, Plaintiff and Collective Action Members are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to the PMWA.

55. Defendant's PMWA violations have caused Plaintiff and the Collective Action Members irreparable harm for which there is no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Collective Action Members are entitled to and pray for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Action Class, apprising

      them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. Certification of the Pennsylvania State Law Class as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and his counsel to represent the members of the Pennsylvania State Law Class;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the PMWA;

d. An injunction requiring Defendant to cease its unlawful practices under, and comply with, the FLSA and the PMWA;

e. An award of unpaid overtime wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay;

f. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216 and the PMWA;

g. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h. An award of pre-judgment and post-judgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and,

j. Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: July 3, 2019               Respectfully submitted,

*/s/ D. Aaron Rihn*
D. Aaron Rihn, Esquire
PA Bar ID No.: 85752
Sara J. Watkins, Esquire
PA Bar ID No.: 325770
Robert Peirce & Associates, P.C.
707 Grant Street
Suite 125
Pittsburgh, PA 15219-1918
Telephone: 412-281-7229
Email: arihn@peircelaw.com

Nicholas A. Migliaccio, Esquire
Jason S. Rathod, Esquire
Erick J. Quezada, Esquire
Migliaccio & Rathod LLP
412 H Street N.E., Suite 302
Washington, DC 20002
Telephone: 202-470-3520
Email: nmigliaccio@classlawdc.com
          jrathod@classlawdc.com
          equezada@classlawdc.com

*Counsel for Plaintiff*