IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN MOORE, *individually and on behalf of all other persons similarly situated*, | ) ) ) | Case No. 3:19-cv-106 |
| | ) | JUDGE KIM R. GIBSON |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| PRIMECARE MEDICAL, INC., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.    Introduction

This case arises from allegations of Defendant Primecare Medical, Inc.'s failure to pay overtime wages to prison therapists, including Plaintiff Kathleen Moore, in violation of the Fair Labor Standards Act of 1938 ("FLSA") and Pennsylvania Minimum Wage Act ("PMWA"). Plaintiff brings this case on behalf of herself and a proposed class of other similarly situated prison therapists (the "Collective Action Members"). Pending before the Court is Defendant's Motion to Dismiss, or, in the Alternative, Motion for More Definitive Statement or to Strike Plaintiff's Complaint. (ECF No. 7.) The Motion is fully briefed (ECF Nos. 8, 12, 21) and ripe for disposition. For the reasons that follow, the Court **DENIES** Defendant's Motion.

### II.    Jurisdiction and Venue

This Court has subject-matter jurisdiction because Plaintiff's FLSA claim arises under federal law. 28 U.S.C. § 1331. This Court has jurisdiction over Plaintiff's state law claims because they form part of the same case or controversy as her federal claim. 28 U.S.C. § 1367. Venue is

proper because a substantial part of the events giving rise to Plaintiff's claims occurred in the Western District of Pennsylvania.  28 U.S.C. § 1391(b)(2).

### III.    Factual Background

The Court derives the following facts from Plaintiff's Collective Action Complaint (the "Complaint") (ECF No. 1) and accepts them as true for the purpose of deciding the Motion to Dismiss.

Defendant employed Plaintiff and the Collective Action Members as therapists at various correctional facilities throughout Pennsylvania.  (*Id.* ¶¶ 15–17.)  Defendant employed Plaintiff from approximately November 23, 2013 until December 4, 2017, during which she primarily worked in the Cambria County Prison and the Washington County Jail.  (*Id.* ¶¶ 10, 17.)  Plaintiff and the Collective Action Members were compensated at an hourly rate; for Plaintiff, that rate was $50.00 per hour.  (*Id.* ¶¶ 19–20.)  Plaintiff and the Collective Action Members regularly worked in excess of 40 hours per workweek without being paid overtime wages.  (*Id.* ¶ 21.)  Plaintiff regularly worked 70 or more hours per week as a therapist but never received overtime for hours worked over 40 per week.  (*Id.* ¶ 22.)

Plaintiff and the Collective Action Members performed the same primary job duties by providing mental health services to inmates, including, but not limited to: (1) conducting mental assessments of inmates; (2) analyzing risk assessments of the inmates; (3) acting as a liaison between Defendant and outside mental health services; (4) facilitating admissions of inmates into hospitals; (5) monitoring all of the mental health services provided to the inmates within the facility; (6) monitoring the standard of care of clinical services; (7) developing in-service educational programs; and (8) collecting data and preparing monthly reports.  (*Id.* ¶ 25.) Pursuant

to a centralized, company-wide policy, pattern, or practice, Defendant classified Plaintiff and the Collective Action Members as exempt from coverage of the overtime provisions of the FLSA. (*Id.* ¶ 27.)

## IV.    Procedural Background

On July 3, 2019, Plaintiff filed a Collective Action Complaint in this Court. (ECF No. 1.) Plaintiff brings claims under both the FLSA and PMWA, alleging that she and the Collective Action Members were entitled to overtime wages and Defendant failed to pay them those wages. (*Id.* ¶¶ 37–55.) Defendant moved to dismiss the Complaint on September 13, 2019. (ECF No. 7.) Plaintiffs responded in opposition to the Motion to Dismiss on October 18, 2019, (ECF No. 12) to which Defendant replied on November 12, 2019. (ECF No. 21.)

## V.    Legal Standards

### A.  Motion to Dismiss

A complaint may be dismissed under Federal Rule of Civil Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). But detailed pleading is not generally required. *Id.* The Rules demand only "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).

Under the pleading regime established by the Supreme Court, a court reviewing the sufficiency of a complaint must take three steps.[1] First, the court must "tak[e] note of the elements

---

[1] Although the Supreme Court described the process as a "two-pronged approach," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), the Court noted the elements of the pertinent claim before proceeding with that approach, *id.* at 675–79. Thus, the Third Circuit has described the process as a three-step approach. *See*

[the] plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the

court should identify allegations that, "because they are no more than conclusions, are not

entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212,

224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption

of truth." (citation omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the]

court should assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief." *Iqbal*, 556 U.S. at 679. "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged." *Id.*; *see also Connelly*, 809 F.3d at 786. Ultimately, the

plausibility determination is "a context-specific task that requires the reviewing court to draw on

its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### B. Motion for More Definite Statement

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a

complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a

responsive pleading," a party may move for a more definite statement. Fed. R. Civ. P. 12(e).

However, Rule 12(e) motions are "highly disfavored since the overall scheme of the federal rules

calls for relatively skeletal pleadings and places the burden of unearthing factual details on the

discovery process." *Lamb v. Richards Snow & Ice Removal*, No. 3:17-cv-28, 2017 WL 6352401, at *1

(W.D. Pa. Dec. 11, 2017); *see also Schaedler v. Reading Eagle Publications, Inc.*, 370 F.2d 795, 798 (3d

---

*Connelly*, 809 F.3d at 787; *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 n.4 (3d Cir. 2011) (citing *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)).

Cir. 1967) ("Although the motion for a more definite statement continues to exist in rule 12(e), it is directed to the rare case where because of the vagueness or ambiguity of the pleading the answering party will not be able to frame a responsive pleading.").

In deciding Rule 12(e) motions, the prevailing standard employed by Third Circuit courts is to grant a Rule 12(e) motion "when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Lamb,* 2017 WL 6352401, at *1. Rule 12(e) should not be used to obtain information "which presents a proper subject for discovery." *Id.* Rule 12(e) motions should be granted based on "unintelligibility, not lack of detail." *Wood & Locker, Inc. v. Doran & Assoc.,* 708 F. Supp. 684, 691 (W.D. Pa. 1989) (Smith, J.). Whether a Rule 12(e) motion should be granted is "a matter committed largely to the discretion of the district court." *Lamb,* 2017 WL 6352401, at *1.

### C. Motion to Strike Class Allegations

Under Federal Rules of Civil Procedure 12(f), 23(c)(1)(A), and 23(d)(1)(D), a court may strike class allegations from a class action complaint before class certification. *Bell v. Cheswick Generating Station, Genon Power Midwest, L.P.,* No. 2:12-cv-929, 2015 WL 401443, at *2 (W.D. Pa. Jan. 28, 2015). However, the court may strike class allegations only when no amount of discovery will demonstrate that the class can be maintained. *Id.* This means that the court will strike class action allegations only if class treatment on the face of the complaint leaves little doubt that the allegations are not viable. *Zarichny v. Complete Payment Recovery Servs., Inc.,* 80 F. Supp. 3d 610, 624 (E.D. Pa. 2015). Courts are generally reluctant to strike class action allegations before the parties have had an opportunity to engage in discovery or move for class certification. *Ricciardi v. Elec. Data Sys. Corp.,* No. 03-cv-5285, 2005 WL 2782932, at *1 (E.D. Pa. Oct. 24, 2005).

## VI.   Discussion

### A.  The Court Denies Defendant's Motion to Dismiss and for More Definite Statement

#### 1.  The Parties' Arguments

Defendant argues that the Court must dismiss the Complaint because Plaintiff's class allegations lack the requisite factual specificity and are impermissibly vague. (ECF No. 8 at 3.) Plaintiff's conclusory allegations do not satisfy the requisite pleading standards because the Complaint fails to adequately define the class of employees of whom Plaintiff purports to represent. (*Id.* at 6–7.) The Complaint does not contain any description or details about the other proposed parties that Plaintiff alleges are "similarly situated" and hold "comparable titles." (*Id.* at 8.) Moreover, the Complaint impermissibly fails to provide any factual allegations detailing how Defendant determined Plaintiff to be exempt under the FLSA or which exemption Defendant applied to Plaintiff and the proposed Collective Action Members. (*Id.*)

Defendant also argues that if the Court does not dismiss the Complaint, Plaintiff should file a more definite complaint because the Complaint fails to adequately define the collective class of employees whom Plaintiff purports to represent. (*Id.* at 9.) Plaintiff defined an impermissibly vague class of individuals because the Complaint does not identify the type of FLSA exemption Defendant applied. (*Id.* at 10–11.) Moreover, Plaintiff is not a member of her own class of exempted employees because she is an independent contractor and not an employee. (*Id.* at 11.) Defendant cannot tell whether this case pertains to its alleged mischaracterization of independent contractors or its improper use of FLSA exemptions for employees. (*Id.* at 12.)

Plaintiff responds that the Court should not dismiss the Complaint because Plaintiff has pleaded sufficient facts to make out a plausible class claim. (ECF No. 12 at 5.) Plaintiff's definition of the class and description of the job duties of the class give Defendant sufficient facts to identify the employees this action covers. (*Id.* at 2.) Plaintiff limited her FLSA claims to all persons who are or were formerly employed by Defendant as therapists between 2016 and 2019. (*Id.* at 7.) For her PMWA claims, she limits her class to all persons who are or were formerly employed by Defendant in Pennsylvania during the same time period. (*Id.*) Plaintiff specified the job duties of the proposed Collective Action Members as those who provided mental health services to inmates, listing eight specific services. (*Id.* at 8.) Plaintiff and the proposed Collective Action Members are therapists who Defendant misclassified as independent contractors to exempt them from overtime compensation. (*Id.*)

Plaintiff also asserts that the Court should deny Defendant's request for a more definite statement because Defendant can adequately respond to it. (ECF No. 12 at 9.) Defendant wants greater detail in the pleadings, but a Rule 12(e) motion is not the proper channel for Defendant to find this detail before discovery. (*Id.* at 10.) The allegations in the Complaint are sufficiently detailed so as to provide a basis for Defendant to respond because Plaintiff has pleaded a plausible claim for relief. (*Id.* at 9.)

### 2. The Complaint Adequately Defines the Class Membership and Its Claims

The Court holds that the Complaint contains sufficient factual allegations to support a plausible class action claim for relief. The Complaint adequately defines the class of employees whom Plaintiff seeks to represent. For her claims, she limits the membership to all persons who

are or were employed by Defendant in Pennsylvania as prison therapists during a specified time period. The Complaint specifies how these therapists are similarly situated by describing the job duties of the proposed Collective Action Members and limiting the class to those therapists who provided mental health services to inmates. The Complaint further alleges that Defendant misclassified these therapists as independent contractors and improperly exempted them from overtime compensation. This narrows the class to those similarly situated therapists who worked more than 40 hours a week and were not paid overtime wages by Defendant. The factual allegations supporting this class definition, give rise to a plausible class action claim for relief.

### B. The Court Denies Defendant's Motion to Strike Class Allegations

#### 1. The Parties' Arguments

Defendant argues that the Complaint utilizes impermissible fail-safe language and the Court should strike that language from the Complaint. (ECF No. 8 at 13.) Plaintiff impermissibly defines the class as other employees holding "comparable" positions who are "entitled" to damages as required by law. (*Id.*) This language requires the Court to look at the ultimate issues of liability and damages in order to determine the class membership. (*Id.* at 13–14.)

Plaintiff responds that the Court should deny the motion to strike because Plaintiff did not utilize impermissible fail-safe language. (ECF No. 12 at 10.) The motion to strike is premature and should instead be made during the class certification process. (*Id.* at 10–11.) A class definition is impermissible when it involves ultimate issues of liability and Plaintiff's specific class definition does not require the Court to make determinations of liability. (*Id.* at 12–13.) Plaintiff's proposed class can be ascertained by documents maintained by Defendant that show which therapists worked in excess of 40 hours a week within the class period. (*Id.*)

## 2.   The Complaint Does Not Utilize Fail-Safe Language

A "fail-safe" class is "one that is defined so that whether a person qualifies as a member depends on whether the person has a valid claim." *Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610, 623 (E.D. Pa. 2015) (citing *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012)).   The Third Circuit has not yet considered the permissibility of fail-safe classes. *Accord id.* at 624–25.   District Courts in this Circuit have viewed fail-safe classes as a category of classes that are not ascertainable. *Id.* at 625.   For a class to be ascertainable, the class must be defined with reference to "objective criteria" and there must be a "reliable and administratively feasible mechanism" for determining whether putative class members fall within the class definition. *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 355 (3d Cir. 2013).

The Court holds that the class as defined in the Complaint is ascertainable and does not use fail-safe language.   The Complaint's class definition does not require the Court to make determinations of liability to determine class membership.   It is not necessary for the Court to determine which therapists were employees or independent contractors to certify the class. Instead, the Court must look to see whether the therapists worked more than 40 hours a week and were not paid overtime wages by Defendant for that time.   These proposed Collective Action Members can be ascertained during discovery through documents maintained by Defendant. From those records, Plaintiff can find out which similarly situated therapists worked in excess of 40 hours a week for Defendant within the class period.   At the class certification stage, the Court will be better able to determine whether the class can be certified without delving into ultimate issues of liability.

## VII. Conclusion

For the forgoing reasons, the Court denies Defendant's Motion.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KATHLEEN MOORE, *individually and*    )       Case No. 3:19-cv-106
*on behalf of all other persons similarly*  )
*situated,*                             )       JUDGE KIM R. GIBSON
                                 )
       Plaintiff,               )
                                 )
       v.                       )
                                 )
PRIMECARE MEDICAL, INC.,      )
                                 )
       Defendant.             )

## ORDER

AND NOW, this 16th day of March, 2020, upon consideration of Defendant's Motion to Dismiss, or, in the Alternative, Motion for More Definitive Statement or to Strike Plaintiff's Complaint (ECF No. 7), and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that Defendant's Motion is **DENIED**.

BY THE COURT:

_____
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE